GKfiEN, J.
delivered the opinion of the court.
This is an action on the case on the following contract: “We agree to ship and forward to D. Cherry, Esq., Cherryville, Tennessee, a number of barrels of salt, not to exceed one hundred and fifty, when called on, at the rates of fifty cents a bushel, or fifty pounds re-weighed at the Mississippi, he the said Cherry giving his note, negotiable and paying in the Union Bank at Jackson, Tennessee, 1st January, 1838. This 17th day of August, 1837. B. B. Smith & Co.
“The salt we have on hand is considered the fii’st quality.”
The defendants objected at the trial below to this paper, when offered in evidence, but the court overruled the objection and permitted it to be read. The plaintiff obtained a verdict for *24 $266' 62£ damages for the non-delivery of the salt when demanded by Cherry. The court then on motion arrested the judgment, to which the plaintiff excepted, and appealed in error to this court. The defendants insist that the judgment of the couit is correct; because 1st. The paper is not a contract, but a mere overture to make one. 2d. If a contract, it is not binding, because there is no mutuality; and Sd. Because it is nudum pactum. As to the first point, we think the paper contains an undertalcing on the part of the defendants. They say, “we agree to ship and forward,” &c., thereby obliging themselves to perform what they thus agree to do. 2d. As to the second point, we think there is mutuality in this contract. The fact that the agreement is optional as to one of the parties, and obligatory as to the other, does not destroy its mutuality. If there be a sufficient consideration on both sides, it is mutual. 3d John. Rep. 81: 2d do. 253: 13 Mass. 91. The stipulation here is, by the one party, that they will deliver the salt when called on, and by the other, that he will pay for the salt so delivered at fifty cents per bushel. This constitutes the mutuality. These promises, the one in consideration of the other, are sufficient to make the contract binding. The agreement on the part of Cherry is to pay for the salt at fifty cents per bushel, and he cannot claim the performance of the engagement on the part of the defendants, unless he is ready to fulfil his own as set out in the contract. It cannot, therefore, be regarded as a naked undertaking by one party only; for mutual executory undertakings constitute a sufficient consideration. 3d John. Rep. 81.
Let the judgment be reversed, and this court proceeding to give such judgment as the circuit court should have rendered, order that judgment to be entered upon the verdict of the jury.